SECURITIES AND EXCHANGE COMMISSION, Plaintiff— Appellee,

v.

SHORELINE DEVELOPMENT COMPANY; Paul A. Barrios, III; Dennis P. O'Connell, Jr.; Northstar Acquisitions and Holdings, Inc.; Spartan Consulting, Inc., Defendants,

and

Todd J. Taylor; Derek K. Gradwell; Epic Consulting Services, Inc.; Coastal Resources, Inc.; Shoreline Holdings and Acquisitions, Inc., Defendants—Appellants,

Douglas P. Wilson, Receiver.

No. 03–57034.

D.C. No. CV–02–06695–RSWL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 4, 2005.

Decided Sept. 20, 2005.

Gregory C. Glynn, Securities and Exchange Commission, Los Angeles, CA, Mark Pennington, Catherine A. Broderick, Esq.,Securities & Exchange Commission, Washington, DC, for Plaintiff-Appellee.

Gary C. Wykidal, Gary C. Wykidal & Associates, Costa Mesa, CA, Michael V.

Wright, Law Offices of Michael V. Wright & Assoc., Huntington Beach, CA, Irving M. Einhorn, Einhorn & Edgerton, Los Angeles, CA, for Defendants.

Vernon C. Jolley, for Defendant-Appellants.

Carl L. Grumer, Manatt, Phelps & Phillips, LLP, Los Angeles, CA, for Receiver.

Before CANBY, KOZINSKI and RAWLINSON, Circuit Judges.

## MEMORANDUM *

**1.** Defendants do not dispute that they sold fractional undivided interests in oil and gas rights to the public. A "fractional undivided interest in oil, gas, or other mineral rights" is a security. Securities Act of 1933 § 2(a)(1), 15 U.S.C. § 77b(a)(1). Thus, the district court did not err in holding that the interests sold by defendants were securities.

 **2.** Defendants purchased large blocks of fractional undivided interests in oil and gas rights and sold them to the public in 0.5% and 1.0% increments. Under the Securities Act, an issuer of fractional undivided interests in oil or gas rights includes "the owner of any such right or of any interest in such right (whether whole or fractional) who creates fractional interests therein for the purpose of public offering." *Id.* § 2(a)(4). Because defendants sold fractions of their interests in the various wells to the public, the defendants "created" fractional interests for the purposes of a public offering, thus making them issuers under the Securities

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Act. Alternatively, if defendants did not create fractional interests, they at least "purchased [them] from an issuer with a view to ... distribution," thus making them underwriters. *Id.* § 2(a)(11). Neither issuers nor underwriters are exempt from the provisions of section 5 of the Securities Act. *See id.* § 4(1).

■ **3.** No registration statement was filed with the Securities and Exchange Commission to register the interests issued by defendants. The exemptions from registration contained in Rules 505 and 506 of Regulation D of the Securities Act are not applicable because defendants engaged in a general solicitation. *See* 17 C.F.R. §§ 230.502(c), 230.505(b)(1), 230.506(b)(1). Nor is Rule 504's exemption from registration available to defendants since the aggregate value of the entire series of offerings exceeded Rule 504's $1,000,000 limit. *See id.* § 230.504(b)(2); *see also* Nonpublic Offering Exemption, Securities Act Release No. 33–4552 (Nov. 6, 1962). In addition, defendants failed to meet Rule 504's state blue sky requirements for a general solicitation. *See* 17 C.F.R. §§ 230.502(c), 230.504(b)(1). Thus, the district court did not err in granting summary judgment for the plaintiffs and finding that defendants had violated Section 5 of the Securities Act.

**4.** The SEC introduced unrebutted evidence that defendants made false or misleading statements materially obscuring the amount of proceeds from the sale of the interests that would be retained by defendants. The district court did not err in finding that these statements materially misrepresented the value of the interests and constituted fraud. *See* Securities Act § 17(a); Securities and Exchange Act of 1934 § 10(b), 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b–5; *Basic Inc. v. Levinson,* 485 U.S. 224, 231–32, 108 S.Ct. 978, 99 L.Ed.2d 194 (1988). The declaration sub-

mitted by Gradwell did not create a triable issue of fact as to this issue.

**5.** Defendants contend that the district court abused its discretion (1) by not ruling on their objections to various exhibits offered by the SEC; (2) by failing to calculate damages with specificity; (3) by ordering a third-tier penalty regarding Gradwell's conduct; and (4) by "approving the form of the Judgment and thereafter signing the Judgment submitted by plaintiff." Defendants have not proffered evidence that the district court abused its discretion with respect to these issues nor that any error on the part of the district court would have been anything but harmless.

**AFFIRMED.**